UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JAMES BANKS, | ) |
| | ) |
| Petitioner, | ) Civil No. 6:09-CV-350-GFVT |
| | ) |
| V. | ) |
| | ) |
| ERIC WILSON, Warden, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\* \*\* \*\* \*\* \*\*

James Banks is in the custody of the Federal Bureau of Prisons ("BOP") and currently confined in the United States Penitentiary-McCreary, in Pine Knot, Kentucky, has submitted a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and has now paid the District Court filing fee. The Petition is currently before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002).[1]

**I.**

Petitioner challenges the BOP's computation of his sentence, claiming that he is being denied credits to which he is entitled, in violation of his rights under the Constitutional guarantee of due process and a federal statute. He specifically demands credit toward his federal sentence for "jail time," *i.e.*, time spent in detention from September 19, 2006, to May 2, 2008.

The Petitioner presents the following time line. On April 2, 2006, Banks was arrested by

---

[1] As the Petitioner is appearing *pro se*, his pleadings are held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his Petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But if the Court determines that the Petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

Tennessee authorities. He was eventually charged with committing both State offenses and federal offenses, all growing out of events which had occurred on March 12, 2006. While being held in State custody, the federal authorities placed a detainer. Because of the federal detainer, he alleges, he could not obtain release on bail or bond.

While Banks was still in Tennessee custody, on September 19, 2006, a federal grand jury indicted him for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), in the United States District Court in the Western District of Tennessee, *United States v. Banks*, Case No, 2:06-CR-20361-JDB-1. After the indictment, the U.S. Marshals Service removed the Petitioner from State custody for federal court appearances and returned him to the State after them. On one of these occasions, on February 21, 2007, the Petitioner pled guilty to the firearms charge, and on May 31, 2007, the federal court sentenced him to 120 months incarceration. He states that on his appeal of the convictions, the Sixth Circuit affirmed.

Meanwhile, shortly after his federal sentencing, Banks was returned to State custody. On July 27, 2007, he was sentenced to a three-year term of imprisonment by the Shelby County Criminal Court, the term to run concurrently with the federal sentence. He immediately began service of the State sentence, and he remained in State custody until he had fully satisfied its sentence, the Tennessee term of imprisonment expiring on May 1, 2008.

Banks arrived in BOP custody for service of the federal sentence on July 10, 2008. The BOP gave him credit for the two-month period of time from expiration of the State sentence to his arrival at the federal prison, *i.e.*, from May 2nd to July 10th of 2008. However, the BOP has refused to award him credits toward his federal sentence for any of time spent in custody prior to that time. Banks demands credit from the date of placement of the federal detainer (at a time

close to his federal indictment on September 19, 2006), to the May 1, 2008, date when the State relinquished him to the federal authorities.

Petitioner complained to the BOP then and to this Court now that he is entitled to credit for the time spent in the custody of Tennessee prior to May 2, 2008. He grounds this perceived entitlement in the federal and State offenses' both arising from the same events of March 12, 2006; his State sentence being ordered to run concurrently with the federal sentence; and his being held by Tennessee without release on bond because of the federal detainer.

Petitioner's legal claims are that he is entitled to *Willis* credits, named after the holding in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) and incorporated into BOP policy at Program Statement ("PS") 5880.28, *Sentence Computation Manual*. Banks demands *Willis* credits from the placement of the federal detainer while he was in State custody through May 1, 2008. Additionally, he alleges that he is entitled to but has been wrongly denied a *nunc pro tunc* designation, a remedy in some cases involving concurrent sentences which sprang from *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990).

The Petitioner has attached the responses of the BOP as he pursued his request for these credits through its administrative remedy procedures, in Administrative Remedy No. 522313. The documents reveal that the BOP's position was that giving Banks the credits toward his federal sentence for time which the State has already credited toward its sentence cannot occur because 18 U.S.C. § 3585(b) bars such "double" credits.

Also, as to Banks' argument that he should receive double credits because the State's sentence was ordered to run concurrently, the BOP noted that the federal court did not order the federal sentence to run concurrently. Further, all time spent in federal custody for federal court

appearances was pursuant to a writ. Therefore, the State retained jurisdiction during these times and Petitioner was credited with this time – it was applied to his State sentence. Under Section 3585(b), it cannot also be applied to his federal sentence.

As to Banks' request for a *nunc pro tunc* designation, the BOP states that such a designation was considered for him. However, the issue was decided against him. The BOP found that such a designation was "neither appropriate nor consistent with the objective of the criminal justice system," the BOP citing to 18 U.S.C. § 3621(b); §§ 3584(a) and 3585(a) - (b); and PS 5880.28.

Petitioner has now come to this Court with the same request, for federal credits for the time which he spent in State custody, from the date of his federal indictment to the BOP's commencement of credits toward his federal sentence, *i.e.*, from September 19, 2006, until May 2, 2008.

## II.

The Court begins with the statute governing the calculation of federal prisoners' sentences. That statute provides for a commencement date and for credits for prior detention, as follows:

> **18 U.S.C. § 3585. Calculation of a term of imprisonment**
>
> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody**.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> (1) as a result of the offense for which the sentence was imposed; or

4

>   (2) as a result of any other charge for which the defendant was
>   arrested after the commission of the offense for which the sentence
>   was imposed;

> *that has not been credited against another sentence*.

28 U.S.C. § 3585 (emphasis added).

Subsection (a) of this statute is straightforward. A prisoner commences service of his federal sentence, when he arrives in federal custody to serve it. In this case, the Petitioner ended service of his State sentence on May 1, 2008. Because the federal authorities did not get him to a federal facility, however, until July 10, 2008, the BOP counted commencement of his federal sentence on the May 2, 2008 date.

As to who had custody of Banks before May 2, 2008, the law of primary custody controls. That is, if the prisoner is arrested by one sovereign, as Banks was arrested by the State of Tennessee, then that sovereign has primary custody of the prisoner and retains it even when he is taken elsewhere by federal authorities pursuant to a writ of *habeas corpus ad prosequendum*, as Banks was. The rationale is that the second sovereign has only "borrowed" him and the State retains primary jurisdiction over him. *See Thomas v. Whalen,* 962 F.2d 358, 361 n. 3 (4th Cir. 1992); *Hernandez v. United States Attorney General,* 689 F.2d 915, 918-19 (10th Cir. 1982); *see also Salley v. United States,* 786 F.2d 546, 547-48 (2d Cir. 1986) (defendant produced and sentenced in federal court via writ of habeas corpus *ad prosequendum* did not begin to serve consecutive federal sentence until delivered into federal custody).

In *Easley v. Stepp*, 5 F. App'x 541, 543, 2001 WL 252891, *2 (7th Cir. 2001), the prisoner was not eligible for federal credit for time served in a federal facility on a writ of *habeas corpus ad prosequendum*, because (a) he was still serving his undischarged State sentence when

5

he was moved to the federal facility pursuant to the writ and (b) the time spent in federal custody pursuant to the writ was applied to his State sentence. The Seventh Circuit held that time spent in federal custody pursuant to the writ did not "transmute" into federal custody; a prisoner detained under such a writ remains in *primary* custody of the sending state "[u]ntil that sovereign state relinquishes jurisdiction over him." *Easley* at 542.[2]

This is equally true in this Circuit – even when the temporary loan to the second sovereign is a lengthy one. In *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368 (6th Cir. 2000) (Table, unpublished), the petitioner alleged that he was entitled to federal sentence credits for a period of years during which he was primarily in the custody of the North Carolina Department of Corrections and only secondarily in the custody of the United States Marshals, pursuant to a writ of *habeas corpus ad prosequendum*. The Sixth Circuit ruled against Huffman. Because Huffman received credit on his State sentence for the entire period of his incarceration up to the commencement of his federal sentence, the Court held that under subsection (b) of 18 U.S.C. § 3585, crediting him again for the time spent pursuant to a writ of *habeas corpus ad prosequendum* would result in "[i]mproper double credit." *Huffman* at 1359 (citing *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993)).

In short, as to all of the time which a prisoner spends incarcerated in primary State custody, if the time is credited to the State's sentence, Section 3585(b) bars awarding any credits toward his federal sentence. *See Broadwater v. Sanders*, 59 F. App'x 112, 113-14, 2003 WL

---

[2] *See also Jones v. Winn*, 13 F. App'x 419, 420, 2001 WL 741733 (7th Cir. 2001) (although Jones was "borrowed" by federal authorities for trial on his federal charges pursuant to a writ of *habeas corpus ad prosequendum*, he remained in the primary custody of Michigan state authorities at all times until completion of his state sentence); *Nguyen v. Dep't of Justice*, 173 F.3d 429, 1999 WL 96740 (6th Cir. 1999) (time Nguyen spent in federal custody pursuant to *habeas corpus ad prosequendum*, while serving his state sentence, could not be applied to federal sentence because the time was credited to his state sentence).

463481, **1 (6th Cir. 2003) (unpublished) (citations omitted) ("Because Broadwater received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his current federal sentence.")

Accordingly, the instant Petitioner is not entitled to credits for the time which he seeks. He cannot be awarded the prior custody time spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum*, nor the time spent in State facilities on convictions related to the federal conviction, because that time was credited to his State sentence. *See Saunders v. Unnamed Warden*, 2008 WL 2775763 (D.N.J. 2008) (unreported) (denying Petitioner credits on the grounds of primary jurisdiction and prior custody statute, 28 U.S.C. § 3585(b)).

Under other case law specifically regarding concurrent sentences, upon which the instant Petitioner evidently relies, he fares no better. Pointing to *Willis*, he claims that he is entitled to prior custody credit for the time period in 2006 when he was detained by Tennessee and was ineligible for release on bail or bond only because the federal charge was pending. Thus, he seeks to transform his State custody into time he was held in custody pursuant to federal authority.

It is true that the *Willis* exception has been written into the BOP's program statement. It first defines the situation necessary to raise a *Willis* issue, *i.e,* that (1) the prisoner's federal and state sentences are concurrent; and (2) the prisoner's federal sentence is to run longer than the State sentence (not counting any credits). When the prisoner meets both criteria, he or she is entitled to credits and the amount of the credits is to be calculated as follows:

> Prior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that he first sentence begins to run, federal or non-federal  These time credits are know as *Willis* time credits.

P.S. 5880.28(2)(c).

In the instant case, the Petitioner fails to meet either criteria. Only Banks' State sentence was ordered to run concurrently. His federal sentence was not ordered to run concurrently, and the federal court did not respond to the BOP's inquiry if that court intended or supported concurrent service. Therefore, 18 U.S.C. § 3584(a) controls for the federal sentence to run consecutively. Nor does this Petitioner meet the second *Willis* requirement, *i.e.*, "the prisoner's federal sentence is to run longer than the state sentence." Banks had a three-year State sentence and a ten-year federal sentence. Therefore, Banks has no entitlement to *Willis* credits and no equitable argument warranting another result.

With regard to Banks' request for a *nunc pro tunc* designation, the BOP states that such a designation was considered for him but ultimately rejected, while the Petitioner states that he clearly met the factors in favor of granting it to him. A *nunc pro tunc* designation is granted or rejected by the BOP's Designation and Sentence Computation Center, using factors set out in PS 5160.05. This Court has no authority to change the results of the decision. The Court may only review the BOP's refusal to do so for an abuse of discretion. *Rogers v. United States*, 180 F.3d 349, 356 (6th Cir. 1998). There was a request, consideration by BOP experts, and no abuse shown. Therefore, this claim also fails.

This Court finds no error of law, nor any other error, in the BOP's determination that the instant Petitioner is not entitled to the credits which he seeks.

### III.

Accordingly, it is **ORDERED** as follows:

(1)     James Banks' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241

[Record Nos. 2-3] is **DENIED**.

(2)     This action is **DISMISSED WITH PREJUDICE** from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This the 17th day of December, 2009.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge